UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| Case No. | **5:26-cv-03533-MCS-KES** | Date | June 26, 2026 |
|---|---|---|---|

| Title | ***Morazan Centeno v. Warden*** |
|---|---|

Present: The Honorable   Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER RE: APPLICATION FOR TEMPORARY RESTRAINING ORDER (ECF NO. 2)**

Petitioner Deylin Masiel Morazan Centeno (A# 246-647-289), a self-represented litigant, brings this action for a writ of habeas corpus. (Pet., ECF No. 1.) Petitioner filed an application for a temporary restraining order. (Appl., ECF No. 2.)

The application fails to comply with the rules governing Rule 65 motion practice and is denied on that basis. *E.g.*, Fed. R. Civ. P. 65(b)(1)(B) (requiring a movant to "certif[y] in writing any efforts made to give notice and the reasons why it should not be required"); C.D. Cal. R. 65-1 (requiring "a proposed TRO, a declaration setting forth the facts and certification required by F.R.Civ.P. 65(b)(1)(A) and (B), and a proposed order to show cause why a preliminary injunction should not issue" to accompany any application for a temporary restraining order).

Moreover, Section 2 of Central District of California General Order No. 26-05 prescribes an expedited schedule for briefing on the merits of petitions for writs of habeas corpus seeking immigration-related relief. Consistent with Section 3 of the General Order, the Court will deny any renewed application that fails to provide a specific showing in a declaration made under penalty of perjury that Petitioner will

suffer "imminent, irreparable harm that cannot be addressed by the standard scheduling order or by expediting the briefing schedule."

The application for a temporary restraining order is denied.

**IT IS SO ORDERED.**